UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| TERRY LYNN PROFFITT | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:05-cv-250 |
| | ) | *Jordan* |
| | ) | |
| VIRGINIA LEWIS, Warden | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent, and petitioner's response thereto. For the following reasons, the motion to dismiss [Court File No. 4] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Terry Lynn Proffitt ("Proffitt") challenges his 1997 Sevier County conviction for first degree murder. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with copies of the opinions and orders of the Tennessee appellate courts, as well as Proffitt's post-conviction petition. [Court File No. 6, Notice of Filing of Documents, Addenda 1-4].

Proffitt was convicted by a jury of the murder of his wife and sentenced to life imprisonment; the conviction was affirmed on direct appeal. *State v. Proffitt*, No. 03C01-9712-CC-00530, 1999 WL 349699 (Tenn. Crim. App. June 2, 1999) [Addendum 1] (no application for permission to appeal to the Tennessee Supreme Court was filed).

Proffitt filed a petition for post-conviction relief on February 3, 2000. [Addendum 2]. The trial court denied the petition after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Proffitt v. State*, No. E2003-00250-CCA-R3-PC, 2004 WL 50797 (Tenn. Crim. App. January 12, 2004) [Addendum 3], *perm. app. denied, id.* (Tenn. June 1, 2004) [Addendum 4]. Proffitt filed the pending habeas corpus petition on May 12, 2005.[1] The respondent moves to dismiss the petition based upon the applicable statute of limitation.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

---

[1]The petition was received by the Clerk's Office on May 16, 2005. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on May 12, 2005. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

The statute of limitation commenced as to Proffitt's conviction when the time for pursuing his direct appeal concluded. 28 U.S.C. § 2244(d)(1)(A). The Tennessee Court of Criminal Appeals affirmed the conviction on June 2, 1999. Proffitt had 60 days within which to file an application for permission to appeal to the Tennessee Supreme Court on direct appeal, Tenn. R. App. P. 11(b), but did not do so. Thus, his conviction became final on August 1, 1999.

Proffitt's state post-conviction petition tolled the running of the statute of limitation, but only while it was pending. The petition was filed on February 3, 2000, at which time 186 days of the one-year statute of limitation had elapsed, leaving only 178 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on June 1, 2004. Thus, the statute of limitation resumed running on August 30, 2004. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court after the denial of post-conviction relief). As noted, Proffitt had 178 days, or until February 24, 2005, to seek habeas corpus relief. Proffitt's habeas corpus petition was not filed until May 12, 2005. Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation.

3

Case 3:05-cv-00250   Document 11   Filed 03/07/06   Page 3 of 4   PageID #: 3

In response to the motion to dismiss, Proffitt claims his habeas petition was timely because it was filed within one year of the denial of his state post-conviction petition. His position, however, ignores the fact that the statute of limitation was running during the time between his conviction having become final and his filing the state post-conviction petition. Proffitt refers to a letter from his post-conviction counsel, in which counsel erroneously stated that the one-year statute of limitation for filing a federal habeas corpus action would run from June 1, 2004, the date the Tennessee Supreme Court denied permission to appeal. [Letter from Tim S. Moore date June 26, 2004, attachment to Response, Court File No. 9]. To the extent Proffitt is seeking to waive the statute of limitation under the doctrine of equitable tolling, he is not entitled to such relief. "Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'" *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) (quoting *Whalen v. Randle*, 37 Fed. Appx. 113, 120, 2002 WL 409113 *5 (6th Cir.2002)).

The motion to dismiss will be **GRANTED**. The petition for habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                 s/ Leon Jordan
                 United States District Judge